OPINION OP THE COURT
Chief Judge Cooke.
An effective waiver of Miranda rights may be made by an accused of subnormal intelligence so long as it is established that he or she understood the immediate meaning of the warnings. An inability to comprehend the import of the Miranda warnings in the larger context of criminal law generally does not of itself vitiate the validity of the waiver.
When arrested, defendant was a 20-year-old, functionally illiterate, borderline mentally retarded man who also suffered from organic brain damage as a result of having been struck by a car during his childhood. He had previously been hospitalized for psychotic episodes.
*288 Defendant was taken to the police station for questioning. Having been advised that defendant was a bit “slow,” the detective who administered the Miranda warnings did not restrict himself to a mere reading of the rights from a card, as is usually done by police officers. Instead, the officer described the rights in more detail and simpler language, verifying that defendant understood each right before proceeding to the next warning. Defendant agreed to speak to the detective and ultimately made inculpatory statements after speaking to his mother, who was in the next room.
After being found competent to stand trial, defendant moved to suppress his statements. Defendant called two expert witnesses who testified as to defendant’s mental and physical disabilities. They stated that defendant would have understood that he was confessing to a crime and that he had wrongfully taken another’s life. The experts also conceded that defendant would have understood a paraphrased, simplified version of the Miranda warnings. They opined, however, that defendant was not capable of understanding the abstract concepts underlying the Miranda warnings so that he would not have understood their rationale or the full legal implications of confessing.
The motion to suppress was denied, and defendant was convicted of second degree murder and first degree rape after a jury trial. The Appellate Division unanimously affirmed. This court now affirms.
Defendant contends that his incapacity to fully comprehend the legal implications of the Miranda warnings rendered his waiver invalid. In essence, defendant argues that an accused cannot make an effective waiver if he or she is not fully knowledgeable of the criminal process and therefore does not grasp the complete significance of the Miranda warnings. This goes too far.
To be valid, an accused’s waiver of his or her rights must be knowingly and intelligently made (see Johnson v Zerbst, 304 US 458). This is essentially a factual issue that must be determined according to the circumstances of each case. In assessing the impact of an individual’s mental capacity on the validity of a waiver, “[t]he very widely recognized principle governing the question of the effect of *289 an accused’s subnormality of intelligence upon the volun-tariness and admissibility of his confession is that deficient intelligence is but one factor in the whole ‘totality of circumstances’ to be considered in determining voluntariness and admissibility, at least unless the degree of retardation is so great as to render the accused completely incapable of understanding the meaning and effect of his confession * * *. Completely similar principles have been applied in the determination of an accused’s understanding of Miranda warnings or voluntary waiver of Miranda rights * * *” (Ann., 8 ALR4th 16, 21 [n omitted]). A court must always ascertain whether the defendant understood how the Miranda rights affected the custodial interrogation. In dealing with a person of subnormal intelligence, close scrutiny must be made of the circumstances of the asserted waiver.
Although a suspect must be apprised of his or her rights, providing á general legal education is not the business of the police or the courts. It must be shown that the individual grasped that he or she did not have to speak to the interrogator; that any statement might be used to the subject’s disadvantage; and that an attorney’s assistance would be provided upon request, at any time, and before questioning is continued. What will suffice to meet this burden will vary from one case to the next. Thus, for example, administering Miranda warnings in a language not understood by the suspect would certainly be inadequate. Similarly, to an individual of subnormal intelligence, stating the Miranda warnings in sophisticated terms would be as incomprehensible as though they were spoken in a foreign language. As noted above, the detective here was careful to reduce the warnings to simple terms that defendant could understand.
An individual may validly waive Miranda rights so long as the immediate import of those warnings is comprehended, regardless of his or her ignorance of the mechanics by which the fruits of that waiver may be used later in the criminal process (see, e.g., Harris v Riddle, 551 F2d 936, 938-939, cert den sub nom. Harris v Zahradnick, 434 US 849; Thomas v State, 373 So 2d 1167, 1168-1169 [Ala], vacated on other grounds 448 US 903; Albright v State, 378 *290 So 2d 1234, 1236 [Fla]; Wantland v State, 45 Md App 527, 535-539, cert den 457 US 1121). There may be a theoretical distinction between a person of normal intelligence who is merely unfamiliar with the legal process and a person of sübnormal intelligence who is incapable of understanding the legal process. As a practical matter, however, both stand in the same shoes when confronted with making a knowledgeable decision to relinquish the right to remain silent: neither one makes a decision with the benefit of fully comprehending the policy behind the Miranda rights and the various implications of waiving them.
Recognizing this practical similarity, it becomes apparent that no distinction normally should be made on the basis of an individual’s intelligence as to what constitutes a valid waiver of those rights. The inquiry is focused initially upon the accused’s understanding of the immediate meaning of the warnings. If that comprehension is present, then the waiver will be given effect in the absence of other factors suggesting a lack of voluntariness (see, e.g., People v Joyce, 233 NY 61, 69-71 [suggestibility]).
On the record here, it cannot be said as a matter of law that the lower courts erred in finding that defendant was capable of understanding the immediate import of the Miranda warnings. Indeed, defendant’s expert witnesses testified to that effect.
Defendant’s other arguments have been considered and are found to be without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed.