■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

HILTON MEDINA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered April 24, 1984, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant claims, and the People concede on appeal, that evidence introduced at trial concerning a second knife allegedly owned by the defendant was improperly admitted. However, the defendant never denied using a knife to cause the victim's injuries. His only argument at trial was that he stabbed the victim in self-defense, and did not intend to cause serious physical injury. Thus, ownership of *any* knife was never a material issue in the case. Although evidence that the defendant owned a second knife may have prejudiced him somewhat, considering the defendant's trial posture, the evidence could not have had any effect of consequence on the outcome of the trial *(see, e.g., Young v Maryland,* 455 F2d 679, *cert denied* 407 US 915). We conclude that there is no reasonable possibility that the error might have contributed to the defendant's conviction and thus conclude that its admission in evidence was harmless error *(see, People v Crimmins,* 36 NY2d 230).

We find meritless the defendant's argument that his statements to the police should have been suppressed because his highly agitated state prevented him from voluntarily and knowingly waiving his *Miranda* rights. A waiver of *Miranda* rights may be inferred from the totality of the circumstances. Whether such waiver is knowingly and voluntarily made is essentially a factual issue, and the initial inquiry focuses upon whether the accused understood "the immediate import of those warnings" *(People v Williams,* 62 NY2d 285, 289). If that comprehension is present, the waiver is valid absent other factors suggesting lack of voluntariness *(People v Williams, supra,* at pp 289-290). Although it is true that the defendant's agitated state required him to be handcuffed in transit to the precinct for his own protection, there is nothing in the record to indicate that the defendant failed to comprehend the meaning of the warnings. Rather, the defendant lucidly and immediately agreed to go to the precinct and talk with the police, even giving reasons as to why he was willing to do so.

We have reviewed the defendant's other claims and find them to be without merit. Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.