■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUNG LE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.),

rendered November 7, 1986, convicting him of manslaughter in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his oral and written statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing record demonstrates that the defendant, a native Vietnamese who had lived in this country for four years prior to the time of his arrest, had a sufficient command of the English language to enable him to understand the immediate import of his *Miranda* rights. His waiver of those rights was accordingly knowingly and intelligently given and his statements were properly admitted into evidence *(see, People v Williams,* 62 NY2d 285; *People v Medina,* 123 AD2d 331).

We have examined the defendant's numerous contentions regarding the jury charge and have found them all to be without merit. In that regard we note that the court did not err in refusing to charge manslaughter in the second degree (Penal Law § 125.15 [1]) as a lesser included offense since there is no reasonable view of the evidence which would have permitted the jury to conclude that the defendant acted recklessly. Nor did the court err in refusing to submit to the jury the issue of whether one Phuc Nguyeh was an accomplice since none of the inferences which could reasonably have been drawn would have established his status as that of an accomplice *(see, People v Vataj,* 121 AD2d 756, *revd on other grounds* 69 NY2d 985).

We find nothing in the record warranting a modification of the defendant's sentence. Eiber, J. P., Kooper, Sullivan and Balletta, JJ., concur.