■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE ROGERS, Also Known as WAYNE RODGERS, Appellant. [669 NYS2d 678] —Peters, J. Appeal from a judgment of the Supreme Court (Breslin, J.), rendered April 8, 1993 in Albany County, upon a verdict convicting defendant of the crimes of sodomy in the first degree and endangering the welfare of a child.

On January 10, 1992, two State Police Investigators, in the course of investigating purported sexual abuse of infant children occurring at Mrs. Rogers Neighborhood Daycare Center (hereinafter the center) in the Town of Guilderland, Albany County, owned by Elly Rogers, defendant's aunt and guardian, visited Rogers' home where such center was operated and found defendant alone with a 10-week-old baby. Requesting that he accompany them to the police station to give a statement, defendant refused to leave the infant unattended. Waiting approximately 35 minutes until Rogers returned, defendant voluntarily accompanied the police to the station after it was explained to Rogers that there were allegations made against defendant concerning criminal conduct. With Rogers agreeable to defendant accompanying the investigators, they arrived at the police station at approximately 2:00 P.M., at which time defendant was given *Miranda* warnings. One investigator, aware that defendant could not read or at least had difficulty reading, read defendant his *Miranda* warnings and tried to explain them in simple terms. Defendant thereafter advised that he was willing to talk but would not sign anything, having been previously told by a lawyer not to do so. Upon questioning by other State Police Investigators and again being *Mirandized*, defendant eventually admitted that not only did he put his penis into the mouth of a two-year-old girl, but that he also did the same to another young child.

Defendant was indicted on two counts of sodomy in the first degree (Penal Law § 130.50 [3]) and one count of endangering the welfare of a child (Penal Law § 260.10 [1]). Upon a motion to suppress defendant's inculpatory statements, alleging that they were obtained in violation of his right to counsel because

he was unable, due to limited intellectual functioning, to effect a knowing and voluntary waiver of his *Miranda* rights, a *Huntley* hearing was held. Supreme Court (Keegan, J.) denied defendant's motion, concluding that he was not in custody despite having twice received *Miranda* warnings. It further found that defendant was capable of understanding the warnings administered to him and had effectively waived them, never unequivocally asserting his right to counsel. Following a jury verdict against defendant, defendant appeals.

Upon our review of the record, with deference to Supreme Court's credibility determinations, we find no basis for concluding that defendant's intellectual capacity, whether diagnosed as mild mental retardation or borderline mental retardation, negated his ability to either understand the rights provided to him or waive those rights (*see, People v Crane*, 242 AD2d 783, 783-784; *People v Sticht*, 226 AD2d 838, 840, *lv denied* 88 NY2d 995). The evidence indicated that defendant understood, at the very least, "the immediate meaning of the warnings" (*People v Williams*, 62 NY2d 285, 287). We further find no basis to support defendant's claim that his confession was the product of psychological coercion. Having found that defendant was offered food and cigarettes (*see, People v Linderberry*, 215 AD2d 867, 868, *lv denied* 86 NY2d 844), had made no requests to contact family members or counsel (*see, People v Dearstyne*, 230 AD2d 953, 958, *lv denied* 89 NY2d 921) or expressed any desire for another person to be present during questioning (*see, People v Sticht, supra*, at 839-840),* there exists no basis upon which to disturb Supreme Court's determination that the statements were admissible (*see, People v Crimmins*, 64 NY2d 1072).

As to Supreme Court's preclusion of defense expert witness testimony attempting to establish that comprehension, vocabulary and suggestibility tests demonstrated defendant's lack of understanding of the *Miranda* warnings given to him, again we find no error. The court properly held a *Frye* hearing (*see, Frye v United States*, 293 F 1013) to determine whether these tests should be accepted as reliable. Upon the failure to demonstrate that the proposed "testimony [was] based on scientific principles or procedures * * * [which have] 'gained general acceptance' in its specified field" (*People v Wesley*, 83 NY2d 417, 422), Supreme Court properly precluded any testimony pertaining thereto.

---

* We note that police authorities have no obligation to permit family members or friends to communicate with a competent adult held in custody or being questioned by police (*see, People v Dearstyne, supra*, at 958; *People v Sticht, supra*, at 840; *People v Page*, 225 AD2d 831, *lv denied* 88 NY2d 883).

Moreover, concluding that Rogers was available to testify, was knowledgeable about a material issue upon which evidence had been admitted and that she would have been expected to provide noncumulative testimony favorable to the defense, we find that the submission of a missing witness charge to the jury was proper (*see, People v Gonzalez*, 68 NY2d 424, 427; *Jackson v County of Sullivan*, 232 AD2d 954; *People v English*, 215 AD2d 871, 872, *lvs denied* 86 NY2d 793, 87 NY2d 900).

Finally, we reject any claims of insufficiency of the trial evidence or that the verdict was against the weight of the evidence. Viewing the evidence in a light most favorable to the prosecution, as we must, we find it clear that any rational trier of fact could have found the elements of the crimes upon which defendant was convicted proven beyond a reasonable doubt (*see, People v Harper*, 75 NY2d 313; *People v Contes*, 60 NY2d 620). Moreover, we find the verdict tenable upon viewing the evidence in a neutral light with due deference to the jury's opportunity to assess witness credibility (*see, People v Bleakley*, 69 NY2d 490, *lv denied* 72 NY2d 856).

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.