■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW FERGUSON, Appellant. [729 NYS2d 799] —Mugglin, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered March 26, 2001, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

As a result of his nonconsensual conduct toward his minor cousin over a period of months, defendant was indicted for two counts of sexual abuse in the first degree, rape in the first degree, sodomy in the first degree and endangering the welfare of a child. County Court held a *Huntley* hearing and ruled that his statement given to a State Police investigator was admissible. Following that, defendant accepted a plea bargain pursuant to which he entered a plea of guilty to one count of sexual abuse in the first degree in full satisfaction of the indictment, with the understanding that the People would recommend a determinate sentence of four years in State prison and without any guarantee that the court would adjudicate him a youthful offender. The count of the indictment to which he pleaded was a crime committed when he was 16 years old and the victim 13 years old. County Court then held an evidentiary hearing on defendant's application for youthful offender status, denied defendant such status and sentenced him to a determinate term of three years in State prison. On appeal, defendant contends that County Court erred in refusing to grant him youthful offender status and in refusing to suppress his confession. We disagree and therefore affirm.

First, with respect to the youthful offender issue, we find unpersuasive defendant's argument that the initial presentence report was incomplete and erroneous to the degree that County Court erred in relying on it when it denied defendant youthful offender status. Not only were the alleged errors cured by an addendum and updated presentence report, but the court, as previously pointed out, afforded defendant a hearing prior to making its determination. With respect to the merits of the court's decision, it is well settled that whether or not to grant youthful offender status rests in the sound discretion of the court and, absent clear abuse of such discretion, it will not be disturbed (*see*, CPL 720.20 [1]; *People v Allen*, 259 AD2d 835; *People v Lloyd*, 249 AD2d 623). The factors which a court traditionally considers include: "the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recom-

mendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (*People v Cruickshank*, 105 AD2d 325, 334, *affd sub nom. People v Dawn Maria C.*, 67 NY2d 625).

In this case, while we recognize that some of the enumerated factors would mitigate in favor of granting defendant youthful offender status, several, including the gravity of the crime, the manner in which it was committed and the lack of mitigating circumstances, lead to the conclusion that County Court did not abuse its discretion when it denied youthful offender status to this defendant (*see, People v Duff*, 216 AD2d 689). Moreover, deference is accorded the recommendation of the Probation Department with respect to youthful offender status (*compare, People v Cruickshank*, supra, at 334, *with People v Roy*, 245 AD2d 878; *People v Bonilla*, 237 AD2d 672).

We now turn to defendant's argument that his IQ of 78 and learning disabilities rendered him incapable of executing a proper *Miranda* waiver, making his statement involuntary. "[A]n effective waiver of *Miranda* rights may be made by an accused of subnormal intelligence so long as it is established that he or she understood the immediate meaning of the warnings" (*People v Williams*, 62 NY2d 285, 287). Although conflicting testimony was presented at the *Huntley* hearing, deference is paid to County Court's resolution of conflicts in testimony (*see, People v Guillery*, 267 AD2d 781, *lv denied* 94 NY2d 920). Here, a psychologist called to testify on behalf of defendant admitted that defendant "is not even mildly mentally retarded" and presents himself as "a typical teenager." This record contains no evidence that defendant was unable to grasp the basic concepts that he could refuse to talk to the investigator or that he could ask to speak to a lawyer. A showing of any deeper understanding of legal questions involved in a *Miranda* waiver or that defendant understood how the statement would be used in later proceedings is not required (*see, People v Williams*, supra, at 289).

Lastly, there is no authority in this State which supports defendant's argument that failure to electronically record his statement requires that it be suppressed. We find no violation of due process rights.

Cardona, P. J., Mercure, Crew III and Rose, JJ., concur. Ordered that the judgment is affirmed.