I believe that the particular facts of this case are controlled by State v. McDevitt, 484 So.2d 543
(Ala.Crim.App. 1985). A police officer, faced with a suspect's ambiguous response to an initial advisement ofMiranda[3] rights, i.e., at the pre-waiver stage, as was the interrogating officer here, must ask clarifying questions to ensure that the suspect fully understands his or her constitutional rights. A suspect must understand theMiranda rights before there can be a knowing and intelligent *Page 94 
waiver of those rights. Based on my interpretation of the videotape of Collins's statement, although the question is certainly debatable, I do not believe that this case involves an ambiguous assertion of the right to counsel and, contrary to the State's contention, I do not believe that the trial court's ruling in this case is due to be reversed on the authority ofDavis v. United States, 512 U.S. 452, 114 S.Ct. 2350,129 L.Ed.2d 362 (1994).
This is, admittedly, a close case. After reviewing the videotape at length, I can find no tangible basis upon which to disagree with the trial court's conclusion that the State failed to prove that Collins fully understood her right to counsel. Considering the totality of the circumstances present here, specifically, Collins's demeanor, her attempt to clarify exactly when, should she request one, she would be entitled to speak with an attorney, the interrogating officer's refusal even to acknowledge her when she asked how long she would have to wait to speak with an attorney, and the lack of an oral response indicating that she understood her rights, I am not persuaded that the "`high standards of proof" for a knowing and intelligent waiver were met in this case, McDevitt,484 So.2d at 548, quoting Miranda, 384 U.S. at 475,86 S.Ct. 1602, i.e., I am not persuaded that the State established that Collins fully understood that she had the right to contact an attorney immediately or that, if indigent, she had the right to have an attorney appointed for her and that, upon the invocation of that right, all questioning by the police had to stop. It was incumbent on the police to ensure that Collins fully understood her rights before the officers undertook to solicit her waiver of those rights.
Although the underlying facts in McDevitt are different from those in the present case, what this Court stated in McDevitt is worth restating here:
 "In so holding, we caution that our ruling is not to be interpreted too broadly. We are not indicating that the formal Miranda
requirements should be expanded. It would be unreasonable as well as impractical to impose the requirement upon officers that they enumerate to a suspect every conceivable consequence of waiver of the warnings or that they place a legal interpretation on a suspect's actions or statements. `Although a suspect must be apprised of his or her rights, providing a general legal education is not the business of the police or the courts.'People v. Williams, 62 N.Y.2d 285, 288, 465 N.E.2d 327, 329, 476 N.Y.S.2d 788, 790 (1984). We also do not mean to require the interrogator to detect the misunderstanding of clear warnings without some indication of misunderstanding. In other words, if no confusion or misunderstanding is manifested, the interrogator is not required to go beyond a reading of the Miranda warnings. What we do require, however, is that the Mirandawarnings be clearly explained and if, after the suspect has indicated an understanding of those rights, he subsequently acts in such a manner as to reasonably alert the interrogating officer that the warnings may have been misunderstood, the officer must insure that the suspect fully and correctly understands his Miranda rights. This is `to insure that what was proclaimed in the Constitution ha[s] not become but a "form of words,'" 384 U.S. at 444, 86 S.Ct. at 1612; in other words, the ritualistic reading of the Miranda warnings will not always, without exception, sufficiently apprise an accused of his rights. The Miranda warnings are not to be treated as `a mere textual formality to be recited on the way to eliciting a confession.' *Page 95 United States v. Rondon, 614 F.Supp. 667, 670 (S.D.N.Y.1985)."
484 So.2d at 549-50.
I do not believe that the "ritualistic reading" ofMiranda rights was sufficient to overcome the inference of misunderstanding manifested by Collins's questions and conduct during the initial stages of her interrogation by the police. For these reasons, I agree that Collins's statement was properly suppressed; however, because I disagree with some of the language in the main opinion, I must respectfully concur only in the result.
[3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).