■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COLLINS, Appellant. [811 NYS2d 122]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Jones, Jr., J.), rendered June 15, 2000, convicting him of attempted murder in the first degree (three counts), attempted murder in the second degree, aggravated assault upon a police officer, attempted aggravated assault upon a police officer, criminal use of a firearm in the first degree, robbery in the first degree, assault in the first degree (two counts), reckless endangerment in the first degree (four counts), and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant contends that the verdict was against the weight of the evidence because the expert testimony demonstrated that he was not criminally responsible for his actions. We disagree. Although the defendant's expert witnesses testified that the defendant was suffering from a bipolar or mood disorder which prevented him from appreciating the consequences of his actions, the People's expert witness testified that despite the defendant's mental illness the defendant had substantial capacity to understand the nature and consequences of his conduct, and the wrongfulness of that conduct (*see* Penal Law § 40.15). Generally, when conflicting expert testimony is presented, the question of sanity is for the trier of fact, who may accept or reject the opinion of any expert (*see People v Hill,* 276 AD2d 716 [2000]; *People v Bergamini,* 223 AD2d 548 [1996]; *People v Hamilton,* 186 AD2d 581 [1992]; *People v Kasten,* 175 AD2d 884 [1991]; *People v Hull,* 162 AD2d 550 [1990]). Thus, where, as here, there is an "absence of a serious flaw in the testimony of the People's expert, the trier of fact's finding of sanity will not be disturbed" (*see People v Bergamini, supra* at 549; *People v Hill, supra; People v Hamilton, supra; People v Kasten, supra; People v Hull, supra*). Accordingly, the finding of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., Ritter, Krausman and Covello, JJ., concur.