■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PHILLIPS, Appellant. [889 NYS2d 456]—

After an extensive and thorough hearing, the court properly found that the brain injury defendant sustained as the result of a stroke did not render him incompetent to stand trial. The evidence established that defendant was able to "consult with his lawyer with a reasonable degree of rational understanding," and had a "rational as well as factual understanding of the proceedings against him" (*People v Francabandera*, 33 NY2d 429, 436 [1974]). There is no basis for disturbing the court's weighing of conflicting expert testimony. Among other things,

the court properly concluded that the principal defense expert relied heavily on standardized tests that were of limited value in a determination of legal competency, that the testimony of a psychologist called by the People was very significant because of her extended contact with defendant, that defendant's conduct and testimony at the competency hearing further demonstrated his capacity to stand trial, and that a series of special accommodations would minimize the effect of defendant's medical condition on his ability to assist in his defense.

The court properly denied defendant's motion to suppress his postarrest statement. Defendant's condition did not cast any doubt on his ability to understand the *Miranda* warnings and voluntarily waive his rights (*see People v Williams*, 62 NY2d 285 [1984]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Friedman, J.P., Sweeny, Freedman and Abdus-Salaam, JJ.