■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE GUINYARD, Appellant. (Appeal No. 2.) [899 NYS2d 505]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 6, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is otherwise affirmed.

Memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). As a result of an error in the original sentence, defendant was resentenced and, in appeal No. 1, he appeals from the resentence. In appeal No. 2, defendant appeals from the judgment of conviction. Addressing first appeal No. 2, we conclude that Supreme Court properly refused to suppress defendant's statements to the police. Contrary to the contention of defendant, the court properly concluded that he was not in custody when the police were questioning him. It is well settled that, in determining whether a defendant was in custody, "the subjective beliefs of the defendant are not to be the determinative factor. The test is not what the defendant thought, but rather what a reasonable [person], innocent of any crime, would have

thought had he [or she] been in the defendant's position" (*People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *see People v Paulman*, 5 NY3d 122, 129 [2005]). The evidence presented at the suppression hearing established that "defendant, inter alia, voluntarily agreed to accompany the police to the precinct, was not physically restrained, never protested or requested an attorney, and was read and waived [his] *Miranda* rights . . . , prior to answering questions and giving inculpatory statements" (*People v Brown*, 44 AD3d 966 [2007], *lv denied* 9 NY3d 1031 [2008]). We thus conclude that a reasonable person in defendant's position would have felt free to leave.

Contrary to the further contention of defendant, the court was not required to suppress his statements based on his mental disabilities. The intelligence of a defendant is only one factor to be considered by a court when determining whether his or her waiver of *Miranda* rights was voluntary (*see People v Williams*, 62 NY2d 285, 288-290 [1984]). Here, the evidence presented at the suppression hearing established "that defendant understood the meaning of the *Miranda* warnings prior to waiving his rights" (*People v Green*, 60 AD3d 1320, 1322 [2009], *lv denied* 12 NY3d 915 [2009]; *see People v Hernandez*, 46 AD3d 574, 575-576 [2007], *lv denied* 11 NY3d 737 [2008]; *People v Jones*, 41 AD3d 736 [2007], *lv denied* 9 NY3d 877 [2007]).

Defendant contends that he was denied a fair trial based on the court's failure to impose any sanctions upon the People for their delay in turning over *Brady* material. The record establishes, however, that defendant had a meaningful opportunity to use that material (*see People v Wood*, 40 AD3d 663, 664 [2007], *lv denied* 9 NY3d 928 [2007]; *see generally People v Cortijo*, 70 NY2d 868, 870 [1987]) and, in any event, his failure to request such sanctions renders his contention unpreserved for our review (*see generally People v Bryant*, 298 AD2d 845, 846 [2002], *lv denied* 99 NY2d 556 [2002]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Turner*, 5 NY3d 476, 480 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]). To the extent that defendant contends that defense counsel failed to make certain motions, it is well settled that the failure to make motions with little or no chance of success does not constitute ineffective assistance of counsel (*see People v Lewis*, 67 AD3d 1396 [2009]; *People v DeHaney*, 66

AD3d 1040 [2009]). Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally Baldi*, 54 NY2d at 147).

Finally, with respect to appeal No. 1, we conclude that the resentence is not unduly harsh or severe. Present—Smith, J.P., Centra, Fahey and Pine, JJ.