■ The People of the State of New York, Respondent, v Luis A. Velez, Also Known as Luis A. Velez Arroyo, Also Known as Angel Peralta, Appellant. [911 NYS2d 530]—

Appeal from a judgment of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered June 27, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction in this circumstantial evidence case (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Where, as here, there is no evidence that defendant actually possessed the controlled substance, the People must establish that defendant 'exercised "dominion or control" over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized' " (*People v Pichardo*, 34 AD3d 1223, 1224 [2006], *lv denied* 8 NY3d 926 [2007], quoting *People v Manini*, 79 NY2d 561, 573 [1992]; *see* Penal Law § 10.00 [8]). We conclude that there is a valid line of reasoning and permissible inferences to support the jury's conclusion that defendant had constructive possession of the cocaine found in the trunk of the vehicle in question inasmuch as the police discovered documents linking defendant to the vehicle. Also contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Although defendant contends that Supreme Court should have severed his trial from that of his codefendant, he correctly concedes that his contention is not preserved for our review (*see People v Woods*, 284 AD2d 995, 996 [2001], *lv denied* 96 NY2d 926 [2001]; *People v Santiago*, 204 AD2d 497 [1994], *lv denied* 84 NY2d 832 [1994]). He thus contends that he was denied effective assistance of counsel based on defense counsel's failure to move for severance. We reject that contention. Severance was

not warranted in this case (*see People v Mahboubian*, 74 NY2d 174, 184 [1989]; *People v Clark*, 66 AD3d 1489 [2009], *lv denied* 13 NY3d 906 [2009]), and "it is well settled that the failure to make motions with little or no chance of success does not constitute ineffective assistance of counsel" (*People v Guinyard*, 72 AD3d 1545, 1546 [2010]; *see People v Nuffer*, 70 AD3d 1299, 1300 [2010]). Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.