■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CAPELA, Also Known as JOHN CAPELLA, Appellant. [948 NYS2d 423]—

On October 7, 2002, emergency personnel, responding to a telephone call to the 911 emergency number, went to the defendant's apartment. In the defendant's bedroom, they found the body of the defendant's wife, which contained many stab wounds. A bloody knife was on the bed. The defendant, who was sitting on a chair in another room, was staring straight ahead at the open front door. He was the only other person in the apartment.

We reject the defendant's contention that, under these circumstances, the police lacked probable cause to arrest him. Probable cause does not require proof beyond a reasonable doubt (see People v Bigelow, 66 NY2d 417, 423 [1985]; People v Francis, 44 AD3d 788, 789 [2007]), but, rather, requires "the existence of facts and circumstances which, when viewed as a whole, would lead a reasonable person possessing the same

expertise as the arresting officer to conclude that an offense has been or is being committed, and that the defendant committed or is committing that offense" (*People v Wright*, 8 AD3d 304, 306 [2004]; *see People v Bigelow*, 66 NY2d at 423). Here, the evidence at the suppression hearing supported the hearing court's determination that, viewing the circumstances as a whole, it was reasonable for the police to conclude that it was more probable than not that the defendant had killed his wife (*see People v Carrasquillo*, 54 NY2d 248, 254 [1981]; *People v Wright*, 8 AD3d at 307). Accordingly, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence on the ground that his arrest was made without probable cause.

We also agree with the hearing court that the People established beyond a reasonable doubt that the defendant's statements to the police were made voluntarily (*see People v Huntley*, 15 NY2d 72, 78 [1965]; *People v Slide*, 76 AD3d 1106, 1109 [2010]; *People v Seda*, 289 AD2d 422, 423 [2001]). In particular, the evidence established beyond a reasonable doubt that the defendant was advised of his rights under *Miranda v Arizona* (384 US 436 [1966]) and that he knowingly, voluntarily, and intelligently waived them. That the defendant suffered from mental illness did not preclude a valid waiver (*see People v Bostick*, 124 AD2d 811 [1986]; *People v Mathis*, 77 AD2d 720 [1980]); as long as he comprehended "the immediate import of those warnings," he could validly waive his *Miranda* rights (*People v Williams*, 62 NY2d 285, 289 [1984]; *see People v Guinyard*, 72 AD3d 1545, 1546 [2010]; *People v Rogers*, 247 AD2d 765, 766 [1998]; *People v Corona*, 173 AD2d 484, 484-485 [1991]).

The jury's verdict rejecting the affirmative defense of mental disease or defect (*see* Penal Law § 40.15) was not against the weight of the evidence (*see* CPL 470.15 [5]). "Where conflicting expert testimony is presented, the question [of] whether the defendant suffered from a mental disease or defect at the time of the commission of the crime is for the fact finder, who may accept or reject the opinion of any expert" (*People v Hill*, 276 AD2d 716, 716 [2000]; *see People v Collins*, 27 AD3d 660, 661 [2006]; *People v Esmail*, 260 AD2d 396, 397 [1999]). Although there is no dispute that the defendant suffered from mental illness, the testimony of the prosecution's expert regarding the defendant's state of mind at the time of the crime was well-reasoned and supported by the evidence. In light of that testimony, we agree with the jury's conclusion that the defendant failed to establish the defense by a preponderance of the ev-

idence, notwithstanding the evidence provided by the defense experts (*see People v Noll*, 82 AD3d 1266, 1266-1267 [2011]; *People v Trojan*, 73 AD3d 818, 819 [2010]; *People v Collins*, 27 AD3d at 661).

The trial court properly denied the defendant's request to charge the affirmative defense of extreme emotional disturbance (*see* Penal Law § 125.25 [1] [a]). "For the defendant to be entitled to a charge on extreme emotional disturbance, sufficient evidence must be presented for the jury to find by a preponderance of the evidence that the elements of the affirmative defense are satisfied" (*People v Moye*, 66 NY2d 887, 889 [1985]; *see People v Cass*, 18 NY3d 553, 561 [2012]; *People v Casassa*, 49 NY2d 668, 678-680 [1980], *cert denied* 449 US 842 [1980]). Here, there was no evidence of a "reasonable excuse or explanation" for the extreme "emotional disturbance" under which the defendant may have been acting when he stabbed his wife (*People v Acevedo*, 56 AD3d 341, 341 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.