## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   October 27, 2016          106105
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                          Respondent,

            v                                    MEMORANDUM AND ORDER

SHAWN M. STOCUM,
                          Appellant.
_____

Calendar Date:   September 12, 2016

Before:   Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.

                        _____

        Francisco P. Berry, Ithaca, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Damian M. Sonsire of counsel), for respondent.

                        _____

Devine, J.

        Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered November 5, 2012, upon a verdict convicting defendant of the crimes of incest in the third degree, rape in the third degree (two counts) and criminal sexual act in the third degree (four counts).

        In December 2011, the underage victim disclosed to authorities that defendant had sexually abused her over the course of several months.  State Police investigators approached defendant at his workplace as part of their inquiry into the allegations and, after being Mirandized and agreeing to speak to them, defendant admitted that he had engaged in various sex acts with the victim.  He was then transported back to the State Police barracks and he gave a written statement to the same effect.

An indictment was subsequently handed up that charged defendant with numerous offenses related to abuse occurring from July 2011 to November 2011.  Defendant moved to suppress his oral and written statements to investigators and, following a hearing, County Court denied that motion.  A jury trial ensued, at the end of which defendant was convicted of incest in the third degree, rape in the third degree (two counts) and criminal sexual act in the third degree (four counts).  County Court sentenced defendant to an aggregate prison term of 12 years, to be followed by a period of postrelease supervision.  Defendant now appeals.

Defendant first argues that his oral and written statements to investigators should have been suppressed due to the role his intellectual disabilities played in his decision to speak to investigators.  In dealing with a person with intellectual disabilities, "close scrutiny must be made of the circumstances of the asserted waiver" of his or her Miranda rights (People v Williams, 62 NY2d 285, 289 [1984]; see People v Comfort, 6 AD3d 871, 873 [2004]).  Inasmuch as defendant's claimed impairments did not render him "completely incapable of understanding the meaning and effect of his confession" (People v Williams, 62 NY2d at 289 [internal quotation marks and citations omitted]), the circumstances most worthy of scrutiny involve whether defendant had the "ability 'to grasp the basic concepts that he could refuse to talk to the investigator or that he could ask to speak to a lawyer' and that any statement might be used to his disadvantage" (People v Marx, 305 AD2d 726, 728 [2003], lv denied 100 NY2d 596 [2003], quoting People v Ferguson, 285 AD2d 901, 902 [2001], lv denied 96 NY2d 939 [2001]; see People v Comfort, 6 AD3d at 873).

State Police Investigator Eric Hurd testified that he and another investigator encountered defendant at his place of employment and that Hurd administered Miranda warnings to defendant one or two minutes after meeting him.  Defendant had no questions about his rights, instead telling Hurd that he understood his rights and wished to speak to the investigators.  He soon made incriminating statements and was taken into custody, after which he was questioned by Hurd for an hour at the State Police barracks.  Defendant did not object to the further questioning, nor did he request a lawyer.  The questioning

culminated in a written statement typed by Hurd and a second set of <u>Miranda</u> warnings, which were read aloud to defendant, then initialed and signed by him to reflect his understanding and waiver of his rights. Hurd read the entire statement aloud as well after defendant admitted that he had trouble reading and writing and, after defendant demonstrated his own reading ability by reading a few sentences of the statement aloud, he silently read the rest and executed it. Hurd further stated that, aside from the remark regarding defendant's reading ability, he had no reason to believe that defendant had any intellectual impairment. The foregoing indicates that defendant was capable of understanding his rights and knowingly waived them, and defendant provided little to suggest the contrary (<u>see</u> <u>People v Rizvi</u>, 126 AD3d 1172, 1173 [2015], <u>lv denied</u> 25 NY3d 1076 [2015]; <u>People v Marx</u>, 305 AD2d at 728).[1] Accordingly, after considering the totality of the circumstances and deferring to the credibility determinations of County Court, we perceive no abuse of discretion in its suppression ruling (<u>see</u> <u>People v DeAngelo</u>, 136 AD3d 1119, 1120 [2016]; <u>People v Comfort</u>, 6 AD3d at 873; <u>People v Marx</u>, 305 AD2d at 728).

The verdict was not, contrary to defendant's further contention, against the weight of the evidence. The victim (born in 1995) testified that defendant (born in 1978), a close relative, began grooming her for an inappropriate relationship by giving her gifts and compliments, encouraging her to move in with him and stating that they were "dating." She either lived with or routinely visited defendant from July 2011 through November 2011, and she testified that the two engaged in multiple instances of oral, anal and vaginal sex during that period. The victim disclosed the abuse shortly after visiting defendant on Thanksgiving weekend of that year. Defendant likewise admitted, in his written statement to Hurd, that he had engaged in numerous acts of oral, anal and vaginal sex with the victim beginning in the spring of 2011. The victim's account of events was open to

---

[1] Defendant now endeavors to do so with evidence that was not presented at the suppression hearing, but "the propriety of the denial [of his motion] must be judged on the evidence before the suppression court" (<u>People v Gonzalez</u>, 55 NY2d 720, 722 [1981], <u>cert denied</u> 456 US 1010 [1982]).

question in some respects, and the precise number of occasions that defendant subjected the victim to oral, anal and vaginal sex was unclear.[2]  Nevertheless, after viewing the evidence in a neutral light and giving deference to the jury's credibility assessments, we find that the weight of the evidence supported the verdict in all respects (see People v Scaringe, 137 AD3d 1409, 1414-1416 [2016], lv denied 28 NY3d 936 [2016]; People v Sapienza, 75 AD3d 768, 769 [2010]).

We are unpersuaded by defendant's additional argument that the aggregate prison sentence imposed by County Court was harsh and excessive, but another sentencing issue requires our attention.  County Court directed that some of defendant's prison terms run consecutively but, because the attendant periods of postrelease supervision merge by operation of law (see Penal Law § 70.45 [5] [c]; People v Thorpe, 141 AD3d 927, 928 n 1 [2016]), defendant is only subject to a 10-year term of postrelease supervision.  County Court said nothing to the contrary during sentencing, but the People assert in their brief on appeal that defendant is subject to 30 years of postrelease supervision, as does a document annexed to the uniform sentence and commitment form that details the aggregate sentence (compare People v Hayes, 104 AD3d 1050, 1055 [2013], lv denied 22 NY3d 1041 [2013], with People v Dukes, 14 AD3d 732, 733 [2005], lv denied 4 NY3d 885

_____

    [2]  County Court recognized this problem, but also noted that the proof was consistent in showing at least two incidents each of oral, anal and vaginal sex during the relevant period.  County Court accordingly dismissed, with the agreement of the parties, all but two counts of rape in the third degree, two counts of criminal sexual act in the third degree alleging anal sexual conduct and two counts of criminal sexual act in the third degree alleging oral sexual conduct.  Defendant now claims that County Court selected an "arbitrary" number of those counts to submit to the jury but, inasmuch as defendant consented to that step, his claim is unpreserved (see People v Van Ness, 43 AD3d 553, 554 [2007], lv denied 9 NY3d 965 [2007]; People v Bruce A., 141 AD2d 736, 736-737 [1988], lv denied 72 NY2d 954 [1988]).  Moreover, after reviewing the trial evidence, we perceive no reason to take corrective action on this issue in the interest of justice (see People v Van Ness, 43 AD3d at 554).

[2005]). While the judgment is not impaired by this confusion, it does require remittal so that an amended uniform sentence and commitment form may be issued that reflects the correct term of postrelease supervision (see People v Butler, 134 AD3d 1349, 1350 [2015], lvs denied 27 NY3d 962, 963 [2016]; cf. People v Dukes, 14 AD3d at 733).

     Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.

     ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.

ENTER:

Robert D. Mayberger
Clerk of the Court