People v Mena (2018 NY Slip Op 03599)





People v Mena


2018 NY Slip Op 03599


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


6605 1496/11

[*1]The People of the State of New York, Respondent,
v
Victor Mena, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered November 16, 2015, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 22 years, unanimously modified, on the law, to the extent of vacating the sentence and remanding the matter for a youthful offender determination, and otherwise affirmed.
The court properly denied defendant's motion to suppress statements. The record supports the court's factual determination that defendant's comprehension of English was sufficient to enable him to understand his Miranda rights, and that his confession was otherwise voluntary (see People v Jin Cheng Lin, 26 NY3d 701, 725-727 [2016]; People v Williams, 62 NY2d 285, 289 [1984]). Although defendant's first language was Spanish, a bilingual detective asked him, in Spanish, if he was comfortable speaking in English, and he replied that he was. Throughout the interview, defendant gave no indication that he did not understand the detectives' questions or needed any assistance from the bilingual detective. Defendant also conversed with the detectives in English at various other times, before and after this interview.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Evidence that defendant stabbed the victim in the side, after his codefendants had inflicted stab wounds that ultimately proved fatal, and grabbed the victim by throat, demanding to know whether the victim was a member of a rival gang, supported the conclusion that he shared his codefendants' intent to cause, at least, serious physical injury (see People v Allah, 71 NY2d 830, 832 [1988]).
The People concede that defendant is entitled to an express youthful offender determination, even though defense counsel
stated that he was not asking for such treatment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK