People v Torres (2019 NY Slip Op 07873)





People v Torres


2019 NY Slip Op 07873


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-12609
 (Ind. No. 1797/16)

[*1]The People of the State of New York, respondent,
v
Santos Torres, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered November 13, 2017, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the County Court's determination, which denied, after a Huntley hearing (see People v Huntley, 15 NY2d 72), the suppression of the defendant's oral and written statements to detectives. The record establishes that the defendant knowingly, voluntarily, and intelligently waived his rights under Miranda v Arizona (384 US 436) prior to making his statements (see People v Capela, 97 AD3d 760, 761). While the Spanish-speaking defendant's written statement was transcribed into English by the interviewing detective, the statement was not thereby rendered inadmissible since the detective read it back to the defendant in Spanish before the defendant signed and adopted the statement as his own (see People v Mora, 57 AD3d 571; People v Fabricio, 307 AD2d 882, 883, affd 3 NY3d 402).
The defendant's further contentions regarding the County Court's determination declining to suppress his statements are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. The defendant's contention that he should have been examined by a doctor prior to the administration of Miranda warnings (see Miranda v Arizona, 384 US 436) is unavailing. The record demonstrates that the defendant was lucid and coherent during the interview and gave no indication that he would have been unable to comprehend "the immediate import of [the Miranda] warnings" (People v Williams, 62 NY2d 285, 289; see People v Capela, 97 AD3d at 761). Furthermore, there is no merit to the defendant's contention that his statements should have been suppressed because law enforcement officials failed to electronically record his waiver (see People v Esquerdo, 71 AD3d 1424, 1426).
Contrary to the defendant's contention, the County Court did not err in failing to charge the jury on manslaughter in the first degree as a lesser included offense of murder in the second degree, based on the affirmative defense of extreme emotional disturbance (see Penal Law § 125.25[1][a]), since the defendant failed to request that charge (see CPL 300.50[2]; People v [*2]Emiliano, 246 AD2d 553, 554; People v Goros, 224 AD2d 444). Moreover, under the circumstances of this case, the court was under no obligation to give such a charge, sua sponte, where such instruction would interfere with the defendant's trial strategy (see People v Hardy, 166 AD3d 645, 647).
The defendant's contention that he received ineffective assistance of counsel is without merit. On this record, the defendant failed to demonstrate "the absence of strategic or other legitimate explanations" for counsel's alleged shortcoming (People v Rivera, 71 NY2d 705, 709; see People v Caban, 5 NY3d 143, 152).
The defendant's contention that the evidence was legally insufficient to support his conviction of murder in the second degree because the People failed to prove that he acted with intent to kill the victim is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt when considered in light of the County Court's charge as given without exception (see People v Ford, 11 NY3d 875, 878; People v Sala, 95 NY2d 254, 260). Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are constrained to weigh the evidence in light of the elements of the crime as charged without objection by the defendant (see People v Johnson, 10 NY3d 875; People v Danielson, 9 NY3d 342, 349). Having done so, we are satisfied that the verdict was not against the weight of the evidence. The evidence that the defendant struck the victim more than 50 times with a machete was more than sufficient to sustain the verdict of guilt with respect to murder in the second degree (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court