People v Amarillo (2021 NY Slip Op 04365)





People v Amarillo


2021 NY Slip Op 04365


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-06914
 (Ind. No. 969/14)

[*1]The People of the State of New York, respondent,
v
Carlos Amarillo, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Hannah X. Scotti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered July 6, 2017, convicting him of murder in the first degree (two counts), criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with two counts of murder in the first degree in connection with the killing of his girlfriend and her daughter. At trial, the defendant asserted the affirmative defense of lack of criminal responsibility by reason of mental disease or defect (Penal Law § 40.15). The jury, implicitly rejecting the affirmative defense, convicted the defendant of both counts of murder in the first degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child.
"In order to establish a lack of criminal responsibility by reason of mental disease or defect, a defendant must prove, by a preponderance of the evidence, that, at the time the defendant engaged in the proscribed conduct, as a result of mental disease or defect, he or she lacked substantial capacity to know or appreciate either (1) the nature and consequences of such conduct, or (2) that such conduct was wrong" (People v Spratley, 159 AD3d 725, 730; see Penal Law § 40.15). "Where conflicting expert testimony is presented, the question [of] whether the defendant suffered from a mental disease or defect at the time of the commission of the crime is for the fact finder, who may accept or reject the opinion of any expert" (People v Capela, 97 AD3d 760, 761 [internal quotation marks omitted]). This Court "accord[s] great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor, and weigh conflicting expert evidence" (People v Spratley, 159 AD3d at 731 [citation omitted]).
Here, the jury verdict rejecting the defendant's affirmative defense was not against the weight of the evidence. At trial, the defendant presented the testimony of a psychiatrist who opined that at the time of the murders, the defendant was suffering from schizophrenia and either did not appreciate the nature and consequences of his conduct or did not understand that his actions were [*2]wrong (see id. at 730). However, the psychiatrist who testified on behalf of the prosecution opined that the defendant did not have schizophrenia or any other psychotic disorder at the time of the murders, and that the defendant understood the nature and consequences of his actions and that his actions were wrong. The People's other evidence, including the defendant's statements and the circumstances surrounding the commission of the crimes, further supported the People's psychiatrist's opinion that the defendant understood both the nature and consequences of his actions and that his actions were wrong (see Penal Law § 40.15; People v Spratley, 159 AD3d at 730).
The defendant's contention that he was deprived of a fair trial by the admission into evidence of inflammatory autopsy photographs of the victims is unpreserved for appellate review, because he failed to object upon that ground at trial (see id. § 470.05[2]). In any event, this argument is without merit. The Supreme Court providently exercised its discretion in admitting the photographs, as they were not admitted for the sole purpose of inflaming the passion of the jury and prejudicing the defendant (see People v Pobliner, 32 NY2d 356, 369-370). Rather, they were probative of the defendant's intent, which the People were required to establish despite the defendant's reliance on the affirmative defense of lack of criminal responsibility by reason of mental disease or defect (see e.g. People v McClinton, 180 AD3d 712, 715; People v Barnett, 163 AD3d 700, 702).
Finally, contrary to the defendant's contention, the sentences imposed upon his murder convictions were not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court