THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DONALD CORBETT, Appellant.

Fourth Department, July 6, 1979

774

**APPEARANCES OF COUNSEL**

*Nathaniel A. Barrell (Joseph Shifflett* and *John W. Condon, Jr.,* of counsel), for appellant.

*Edward C. Cosgrove,* District Attorney *(Ernest Anstey* of counsel), for respondent.

**OPINION OF THE COURT**

MOULE, J.

Defendant was charged in a 66-count indictment with sodomizing seven girls whose ages were between 5 and 16 by engaging them in acts of fellatio and cunnilingus during the period from August, 1973 through January, 1975. All but two of the acts were alleged to have occurred at defendant's apartment in the City of Buffalo, where the girls were brought by defendant in his automobile. Following a jury trial, defendant was convicted of three counts of first degree sodomy, six counts of second degree sodomy and eight counts of third

degree sodomy and he was sentenced to concurrent indeterminate terms of imprisonment having maxima of 25 years on each of the three counts of first degree sodomy, 7 years on each of the six counts of second degree sodomy, and 4 years on each of the eight counts of third degree sodomy.

On this appeal defendant does not challenge the sufficiency of the evidence supporting his conviction. Rather, he contends that he should be granted a new trial because the trial court unduly restricted the scope of defense counsel's *voir dire* of prospective jurors and because inflammatory photographs were improperly admitted in evidence. Alternatively, defendant seeks a modification of his sentence.

At defendant's trial an extensive *voir dire* of prospective jurors was conducted over a period of three days. The court questioned the prospective jurors with respect to their experience with crime, participation in prior civil or criminal proceedings, relationships with law enforcement agencies, and their knowledge or familiarity with defendant, defense counsel, the prosecutor and potential witnesses. In addition, the court stated to the first group of 12 prospective jurors: "I've indicated to you the nature of this case, it being a sex case, and it involves a five-year-old girl, and other girls the age of fourteen and under. And do any of you now have any prejudices in your own mind that would lead you to say, 'Well, this defendant must be guilty because of the nature of these crime'? I indicated to you that you're going to hear testimony that alleges that this defendant placed his penis in the mouth of these girls, and if that is so reprehensible to you, it makes you prejudiced, that you could not make a fair and impartial decision, please let us know now. Any of you feel that that would so—be so reprehensible to you, that you could not give this man a fair trial?" The same inquiry was made of each successive group jurors. As a result, 21 prospective jurors were excused because they stated that they could not be impartial.

Defense counsel was accorded latitude in questioning prospective jurors with respect to their employment, family background, aspirations, leisure activities, education, and social and religious organizations. Moreover, where a prospective juror worked with young children or had young children or grandchildren, defense counsel was allowed to ascertain their ages and sexes and was permitted to ask whether the fact that the witnesses were of similar ages would have a greater

impact on the juror.* Defense counsel did not challenge any prospective juror for cause, but did use all of his 15 peremptory challenges (CPL 270.25, subd 2, par [b]). The court also granted defendant an additional peremptory challenge and this challenge was exercised.

During the course of *voir dire,* defense counsel asked a series of questions in an effort to inquire into the attitudes of the prospective jurors towards oral sex and their ability to weigh the testimony of children under 16 years of age. Although additional related questions were put to several other prospective jurors, the following questions asked of 1 of the first 12 prospective jurors show the nature of the *voir dire* sought to be conducted by defense counsel:

"[W]e are dealing with a claim here of oral sex, and when I ask at any time that you have an opportunity to do any reading at all, has it ever come to your attention, have you ever read anything that there is such a practice * * *

"What I'm attempting to ascertain as just a fact of the claim here of oral sex, if, as a matter of fact you're of the knowledge by any means, by reading or seeing a film, or entering into a discussion with other people, if you've come to the conclusion in your own mind that such a practice does exist within the population * * *

"Has the situation ever presented itself * * * where you've been in a situation, where there's been discussions carried on in your presence relative to this practice?

"Did you ever have the opportunity to see a movie called 'Taxi Driver'?

"At any time have you heard, spoken, read, or seen anything in your entire life touching upon directly or indirectly oral sex?

"[M]ay I ask not if you embrace any religion, but if you do that condemns the practice of oral sex which, when in any fashion affect your state of mind in this particular case?

"Have you ever had the situation *· * * where the statement has been made in your presence that some individual

---

* On two occasions the court sustained objections made by the prosecutor to this line of questioning by defense counsel. The first occasion involved a prospective juror who had answered the same question put by defense counsel earlier in the *voir dire.* The second involved a prospective juror who was asked by defense counsel whether testimony by the young witnesses would have any greater impact on her than if she were in the position of one of the other jurors who had no children.

has pointed out to you as having previously practiced oral sex or somebody at work, in a bar or whatever the circumstances, say this guy does thus and so? Have you ever had that happen?

"[W]e have a court here called Family Court that handles matters relative to young people under the age of sixteen, and only in this situation, have you ever had the occasion to go there either dealing with an accusation that had been made against someone or in the defense of it?

"Have you ever had the occasion to come to any conclusion in your mind that someone under the age of sixteen is capable of hurtful conduct?

"[D]o you believe that someone under the age of sixteen cannot be responsible for doing a wrong?

"[H]ave you ever taken the position or do you take the position now that a young person and I mean that under the age of sixteen, can actually commit a crime?

"[H]ave you ever come to the conclusion in your own mind, or do you hold the position that two or three young people cannot bind together for the purpose of doing something wrong, or committing a crime?

"[D]o you hold the view in any fashion that in some type of sexual encounter, that the male is always the dominant force?

"[H]ave you ever had the opportunity to voice the judgment or are you of the opinion that always the older person is the dominant factor in any sex encounter?

"[A]re you of the opinion now, or have you ever voiced such a judgment that you feel that a person under the age of 16 cannot have an appreciation of what type of provocation is— can cause a sexual encounter?

"[W]ere there any courses that you had the opportunity to take there that either by label or definition, or course content, that could be construed as sexual education courses?"

The prosecutor objected to these questions and the court sustained the objections. With respect to defense counsel's inquiry into the attitudes of the prospective jurors toward oral sex, the court ruled that its questions were sufficient. Concerning defense counsel's inquiry into the ability of the prospective jurors to weigh the testimony of children under age 16, the court ruled that it could cover the credibility of witnesses adequately in its preliminary and final instructions to the jury. Defendant claims that the restrictions placed upon de-

fense counsel during *voir dire* denied him his right to a fair and impartial jury.

■ A prospective juror may be challenged for cause on the ground that he has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at trial (CPL 270.20, subd 1, par [b]), and counsel has a right to inquire as to the qualifications of the prospective jurors to provide a foundation for a challenge for cause or a peremptory challenge *(People v Boulware,* 29 NY2d 135, 141). CPL 270.15 (subd 1) provides that the scope of the examination of prospective jurors regarding their qualifications to serve as jurors "is within the discretion of the court, and the court may disallow statements or questions by either party that are irrelevant to the examination or repetitious." Further, "[i]f necessary to prevent improper questioning as to any matter, the judge shall himself examine the prospective jurors as to that matter" (22 NYCRR 20.10 [b]). As the court recognized in *People v Boulware (supra,* pp 139-140): "[W]e are dealing with an area of the law which does not lend itself to the formulation of precise standards or to the fashioning of rigid guidelines * * * [I]t is the function of the trial court, involved and concerned with the quest for the truth, to strike the balance, true, no less in the conduct of the *voir dire* than in the conduct of the trial proper. The Judge presiding necessarily has broad discretion to control and restrict the scope of the *voir dire* examination. To that end, he may, in order to prevent inordinate interruptions and undue delay in the proceedings, question prospective jurors at the opening of the *voir dire,* during the course thereof or after counsel have concluded their examinations. The only condition imposed is that fair opportunity be accorded counsel to question about matters, not previously explored, which are relevant and material to the inquiry at hand [footnote omitted]." (See *People v Stanard,* 42 NY2d 74, 81; see, also, *Ham v South Carolina,* 409 US 524, 528; *Aldridge v United States,* 283 US 308, 310.)

■ ■ We believe that the court did not abuse its discretion in precluding defense counsel from questioning the prospective jurors with respect to their attitudes towards acts of oral sex or their ability to weigh the credibility of children under the age of 16. It is well settled that prospective jurors may not be questioned as to their attitudes concerning matters of law. The reason for this rule is that questions concerning prospec-

tive jurors' knowledge or attitudes relating to a particular law are irrelevant to their functions as triers of factual issues and, therefore, have no bearing on their qualifications as jurors *(People v Boulware,* 29 NY2d 135, 141-142, *supra).* We see no reason to treat in a different manner prospective jurors' attitudes toward the type of activity for which defendant was indicted under the provisions of the Penal Law. The prospective jurors indicated that they would follow the law as given to them by the court. Furthermore, the prospective jurors were asked by the court whether, given the nature of the case, they could render a fair and impartial verdict based solely on the trial testimony and documents introduced in evidence; those who could not were excused. The *voir dire* conducted by the court and defense counsel was a sufficient inquiry into the qualifications of the prospective jurors, and it was proper for the court to preclude defense counsel from asking irrelevant and repetitious questions. We point out that the purpose of *voir dire* is to enable the defendant to obtain an impartial jury; it is not intended as a dress rehearsal of the trial of the indictment or to afford either side an opportunity to obtain jurors favorably disposed to their interests.

Defendant contends secondly that inflammatory photographs were improperly admitted in evidence at his trial. Specifically, he claims that seven backings from polaroid camera prints (Exhibits 4, 5, 7, 9, 10, 17 and 20), offered by the prosecution and received in evidence, were prejudicial. The seven polaroid backings and others were found in a bag in defendant's closet during a search conducted pursuant to a warrant. A polaroid camera was also found in the closet and was admitted in evidence without objection. The actual polaroid prints were never recovered.

Exhibits 4 and 5 depict a nude girl seated on a sofa. Exhibit 7 depicts a younger girl seated on the same sofa. Exhibit 9 depicts another girl sitting alongside the partially clad girl shown in Exhibit 7. Exhibit 10 depicts the same two girls shown in Exhibit 9 sitting on a sofa fully undressed. Exhibit 17 depicts the girl in Exhibit 7 performing an act of fellatio upon a man whose head and upper body are not in the picture. Exhibit 20 depicts the head and face of a man performing an act of cunnilingus on a young girl whose head is not shown.

■ Photographic evidence is admissible provided it is a fair representation of the persons, objects or places reproduced,

and provided further that the matter portrayed is identified, and is relevant to the controversy (Fisch, New York Evidence [2d ed], § 142, p 82; see *People v Pobliner,* 32 NY2d 356, 369). A person having the requisite knowledge of the facts may authenticate a photograph by identifying the subjects and verifying that the photographs accurately represent the subject matter depicted *(People v Byrnes,* 33 NY2d 343, 347). "Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant [citations omitted]" *(People v Pobliner, supra,* p 370; Richardson, Evidence [10th ed], § 131, pp 104-105).

At defendant's trial 6 of the 7 complainants with whom defendant allegedly engaged in unlawful sexual activities testified. Exhibits 4, 5, 7, 9, 10, 17 and 20 concern only three of the complainants. One of these three complainants identified herself as the person shown in Exhibits 4 and 5 and testified that these pictures of her were taken at defendant's apartment on an occasion when there were sexual relations between her and defendant. Additionally, she identified the girls shown in Exhibits 7, 9 and 10, stating that defendant had previously shown her these pictures at his apartment. A second complainant testified that she was present when Exhibits 4 and 5 were taken at defendant's apartment and she identified the girl shown in these two pictures. This second complainant also testified that she was present on the occasion when Exhibits 7, 9, 10, 17 and 20 were taken and she identified her sister (who was five years old at the time the picture was taken and who did not testify at trial) in Exhibit 7, identified her sister and herself in Exhibits 9 and 10, and identified her sister and defendant in both Exhibits 17 and 20, recalling that she took Exhibit 20 herself. Furthermore, three police officers identified the seven polaroid backings as among those seized from defendant's apartment and the maintenance man who let the police into defendant's apartment identified Exhibits 4, 5, 9, 10, 17 and 20 as among the pictures taken from the apartment.

We believe that the seven exhibits were properly authenticated by witnesses who were present when the pictures were taken and that there was an adequate foundation for their receipt in evidence with respect to the counts of the indictment concerning the three complainants who were shown in the exhibits. Furthermore, the exhibits were relevant because they tended to corroborate the complainants' testimony con-

cerning the commission of the crimes by defendant at his apartment. Therefore, the court properly received them in evidence. In any event, even if the introduction of the seven exhibits in evidence was improper, we would hold the error to be harmless in view of the overwhelming proof of defendant's guilt.

Finally, given the number and nature of the deviate sexual acts committed by defendant, we do not find his sentence to be excessive. The judgment of conviction should be affirmed.

DILLON, P. J., CARDAMONE, SIMONS and CALLAHAN, JJ., concur.

Judgment unanimously affirmed.