■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CLARK, Appellant. — Motion by defendant to reargue a prior appeal from a judgment of the County Court, Orange County, rendered January 20, 1976 (we deem defendant's motion dated February 19, 1981 to be such a motion). Motion denied. On the court's own motion, the decision and order of this court, both dated December 13, 1976 (55 AD2d 858), are hereby recalled and vacated, and the following is substituted therefor: Appeal by defendant from a judgment of the County Court, Orange County, rendered January 20, 1976, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts) and imposing sentence. Judgment modified, as a matter of discretion in the interest of justice, by reducing defendant's sentences to concurrent indeterminate terms of imprisonment of from three to nine years. As so modified, judgment affirmed. The defendant's sentences were excessive to the extent indicated. Defendant's remaining contentions are without merit. Mollen, P. J., Damiani, Cohalan and Margett, JJ., concur.

■ THE PEOLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR S. GREEN, III, Appellant. — Judgment of the County Court, Nassau County (Lockman, J.), rendered May 28, 1979, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Rabin, J. P., Gulotta, Weinstein and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON GREEN, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered December 17, 1979, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We find no error warranting a new trial, and further find the sentence imposed to be proper. With respect to the rebuttal testimony offered by Officer Coppola, defendant may not complain that a proper foundation was not laid. Under the facts and circumstances of this case, where the witness whose testimony was sought to be impeached could not read, it sufficed that the witness was apprised of the time and place of the making of the prior statement, and was apprised of its substance, albeit not by questions in the exact language of the alleged prior inconsistency. (See *People v Duncan,* 46 NY2d 74; *People v Dachille,* 14 AD2d 554.) Hopkins, J. P., Gibbons, O'Connor and Thompson, JJ., concur.