THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSEF RAHMAN, Appellant. [609 NYS2d 290] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered November 21, 1990, convicting him of murder in the second degree, attempted murder in the second degree (three counts), assault in the first degree (three counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Over the course of four consecutive days in December of 1988, the defendant went on a shooting spree in Riverhead, Long Island, killing one man and wounding three others. At the trial, the defendant presented an insanity defense, claiming that he was a paranoid schizophrenic and committed the crimes while under the delusion that he was a military team member on a secret mission. On appeal, the defendant claims that the People failed to prove that he had the requisite mental state and that he established his affirmative defense that he was not responsible due to mental disease or defect by a preponderance of the evidence. We disagree.

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Both of the People's psychiatric experts testified that at the time of the crimes the defendant was not schizophrenic or delusional, could appreciate the nature and consequences of his conduct, and knew that such conduct was wrong *(see,* Penal Law § 40.15). This conclusion was supported, *inter alia,* by the defendant's written and videotaped confessions, which included detailed accounts of each crime and were devoid of any mention of secret missions. The fact that the defendant's expert offered an opinion contrary to the People's experts merely presented a factual issue for the jury *(see, People v Wood,* 12 NY2d 69; *People v Kasten,* 175 AD2d 884). We find no basis to disturb their determination.

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.