■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GINSBERG, Appellant. [831 NYS2d 81]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered May 28, 2002, convicting him of burglary in the second degree (two counts),

robbery in the third degree, grand larceny in the fourth degree, petit larceny (four counts), and burglary in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress oral and written statements to law enforcement officials.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that his waiver of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) was invalid and that his statements to law enforcement officials were involuntary (*see People v Williams*, 62 NY2d 285, 287 [1984]; *People v McIver*, 15 AD3d 677 [2005]; *People v Fergus*, 270 AD2d 357, 358 [2000]). The evidence at the suppression hearing did not support the conclusion that the defendant was "intoxicated to the degree of mania, or of being unable to understand the meaning of his statements" (*People v Shields*, 295 AD2d 374 [2002], quoting *People v Schompert*, 19 NY2d 300, 305 [1967]). Further, the investigating police officer's promise to assist the defendant in obtaining a place in a drug rehabilitation program did not render his prior confession involuntary (*see People v Pugh*, 201 AD2d 934 [1994]; *People v Baird*, 167 AD2d 693 [1990]). Accordingly, those branches of the defendant's omnibus motion which were to suppress his oral and written statements to the police were properly denied.

The defendant contends that the prosecution failed to prove his guilt by legally sufficient evidence because he was not responsible by reason of mental disease or defect (*see* Penal Law § 40.15). This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hines*, 97 NY2d 56, 62 [2001]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Sweeney*, 16 AD3d 602 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People offered expert testimony to rebut the testimony of the defense expert that the defendant suffered from a mental disease or defect of sufficient severity which would interfere with his ability to form the intent to commit the crimes (*see People v Rahman*, 202 AD2d 696 [1994]). The conflicting expert testimony created a credibility issue for the trier of fact to resolve (*see People v Gardella*, 5 AD3d 695, 696 [2004]; *People v Esmail*, 260 AD2d 396, 397 [1999]), and its determination is clearly supported by the record (*see People v Fischl*, 182 AD2d 699 [1992]; *People v Surdak*, 167 AD2d 436 [1990]). Moreover, upon the exercise of our factual review power, we are satisfied that the

verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Schmidt, J.P., Rivera, Santucci and Krausman, JJ., concur.