■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL TROJAN, Appellant. [900 NYS2d 405]—Appeal by the defendant from a judgment of the County Court, Rockland County (Bartlett, J.), rendered July 22, 2008, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him to a determinate term of 25 years of imprisonment followed by a period of five years of postrelease supervision on the conviction of attempted murder in the second degree, a determinate terms of five years of imprisonment on the conviction of assault in the first degree, and a definite term of imprisonment of one year on the conviction of criminal possession of a weapon in the fourth degree, all terms to run concurrently.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence on the conviction of attempted murder in the second degree from a determinate term of 25 years of imprisonment to a determinate term of 20 years of imprisonment, to be followed by a period of five years of postrelease supervision; as so modified, the judgment is affirmed.

The defendant contends that the prosecution failed to prove his guilt by legally sufficient evidence because he was not responsible by reason of mental disease or defect (*see* Penal Law § 40.15). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe

demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The People offered expert testimony to rebut the testimony of the defense expert that the defendant suffered from a mental disease or defect of severity sufficient to interfere with his ability to form the intent to commit the crime (*see People v Ginsberg*, 36 AD3d 627, 628 [2007]; *People v Rahman*, 202 AD2d 696 [1994]).

The County Court properly precluded the defendant's counsel from raising the affirmative defense of extreme emotional disturbance, as the defense failed to give timely notice of its intent to raise this defense at trial (*see* CPL 250.10 [1] [c]; *People v Almonor*, 93 NY2d 571, 580 [1999]; *People v Bien*, 1 AD3d 442, 443 [2003]; *People v Yates*, 290 AD2d 888 [2002]). Defense counsel nevertheless requested that the trial court charge the jury on the affirmative defense of extreme emotional disturbance, and the court properly denied that request (*see* Penal Law § 125.25 [1] [a]). Viewing the evidence in the light most favorable to the defendant (*see People v Moye*, 66 NY2d 887 [1985]), the court correctly concluded that no reasonable view of the evidence supported such a charge (*see People v Wilson*, 309 AD2d 775 [2003]; *People v Hon Do Lau*, 255 AD2d 524 [1998]).

The defendant's sentence for attempted murder in the second degree was excessive to the extent indicated herein (*see People v Tomasello*, 189 AD2d 903 [1993]; *People v Diaz*, 118 AD2d 651, 653 [1986]; *People v Shakes*, 90 AD2d 800, 801 [1982]). Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.