THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN NOLL, Appellant. [919 NYS2d 383]—

The defendant contends that the prosecution failed to prove his guilt by legally sufficient evidence because he was not responsible by reason of mental disease or defect (*see* Penal Law § 40.15). This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Ginsberg*, 36 AD3d 627, 628 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Trojan*, 73 AD3d 818 [2010]; *People v Ginsberg*, 36 AD3d at 628).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was

not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The People offered expert testimony to rebut the testimony of the defense expert that, due to a mental disease or defect, the defendant lacked substantial capacity to know or appreciate the nature and consequences of his conduct, or that his conduct was wrong when he committed the crimes (see People v Trojan, 73 AD3d at 819; People v Hill, 276 AD2d 716 [2000]; People v Rahman, 202 AD2d 696 [1994]). Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.