[952 NE2d 1008, 929 NYS2d 16]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE JOHNSON, Appellant.

Argued May 2, 2011; decided June 9, 2011

**APPEARANCES OF COUNSEL**

*Legal Aid Society, Criminal Appeals Bureau*, New York City (*Allen L. Fallek* and *Steven Banks* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Susan Axelrod* and *Patrick J. Hynes* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and a new trial ordered.

In this complex case involving multiple attempted murder, kidnaping and other charges, defendant did not dispute his involvement in the criminal transaction but pursued an insanity defense. During voir dire, a prospective juror who had written a college research paper on the insanity defense stated that she would be able to set aside her personal views on that topic and apply the law as instructed by the court. However, in response to subsequent questioning by counsel, she indicated that she had a "strong bias" in connection with the defense, "might be biased in the way that [she] interpret[ed] the evidence" in that regard, and was not certain that she would be able to give both sides a fair trial. Despite these troubling statements, the trial court did not undertake further inquiry of the juror and denied defendant's "for cause" challenge. Defendant therefore used a peremptory challenge to excuse the juror, subsequently exhausting all peremptory challenges.

As we have stressed in the past,

> "[w]hen potential jurors themselves say they question or doubt they can be fair in the case, Trial Judges should either elicit some unequivocal assurance of their ability to be impartial when that is appropriate, or excuse the juror when that is appropriate. The worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror" (*see People v Johnson*, 94 NY2d 600, 616 [2000] [internal quotation marks and citation omitted]).

Here, given the absence of follow-up questioning by the court after the juror expressed uncertainty concerning her ability to fairly consider a major issue in this case, the conviction must be reversed and the matter remitted for a new trial.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.