THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON PAUL LAZARTES, Appellant. [934 NYS2d 725]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC McCALLA, Appellant. [934 NYS2d 724]—

The trial court providently exercised its discretion in limiting the scope of defense counsel's questioning of prospective jurors during voir dire (*see* CPL 270.15 [1] [c]; *People v Pepper*, 59 NY2d 353, 358, 359 [1983]; *People v Byrd*, 284 AD2d 201 [2001]; *People v Corbett*, 68 AD2d 772, 778-779 [1979], *affd* 52 NY2d 714 [1980]).

As the People correctly concede, the defendant's conviction of assault in the third degree must be vacated and that count of the indictment dismissed as an inclusory concurrent count of assault in the second degree (*see* CPL 300.40 [3] [b]; Penal Law § 120.05 [1]; § 120.00 [1]). Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.