■ The People of the State of New York, Respondent, v James Harris, Appellant. [1 NYS3d 362]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered August 3, 2012, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During jury selection, a prospective juror stated that she was engaged to a police officer, expressed doubt as to whether she could be fair and impartial, and then, after stating that she thought she could be fair and impartial, stated that she could not believe that police officers would get on the witness stand and lie about a person selling drugs. The trial court, which did not undertake a further inquiry of the prospective juror, denied the defendant's challenge for cause to the prospective juror. Thereafter, the defendant used a peremptory challenge to excuse the prospective juror and subsequently exhausted all peremptory challenges.

An accused is entitled to be tried by a fair and impartial jury (*see People v Blyden*, 55 NY2d 73, 76 [1982]). Section 270.20 of the Criminal Procedure Law authorizes a challenge for cause where a juror "has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]).

When a question is raised regarding a prospective juror's ability to render an impartial verdict, the prospective juror must expressly state in unequivocal terms that "his prior state of mind concerning either the case or either of the parties will not influence his verdict, and he must also state that he will render an impartial verdict based solely on the evidence" (*People v Blyden*, 55 NY2d at 78). In considering whether such statements are unequivocal, the juror's testimony must be taken as a whole, and where there remains any doubt, the prospective juror should be discharged for cause (*see id.*). Thus, when a potential juror states that he or she questions or doubts that he or she can be fair in the case, the trial judge should either elicit some unequivocal assurance of the juror's ability to be impartial or excuse the juror (*see People v Johnson*, 17 NY3d 752, 753 [2011]; *People v Johnson*, 94 NY2d 600, 616 [2000]).

Here, as the prospective juror stated that she could not believe that police officers would get on the witness stand and lie about a person selling drugs, the court erred in denying the defendant's challenge for cause without first eliciting some unequivocal assurance of the juror's ability to be impartial (*see People v Johnson*, 17 NY3d 752 [2011]; *People v Arnold*, 96 NY2d 358 [2001]; *People v Johnson*, 94 NY2d 600 [2000]; *People v Blyden*, 55 NY2d 73 [1982]; *People v MacFarlane*, 87 AD3d 700 [2011]; *People v Sanchez*, 60 AD3d 442 [2009]). Since the defendant exercised a peremptory challenge to remove the prospective juror and exhausted his allotment of peremptory challenges

prior to the completion of jury selection, the judgment of conviction must be reversed and a new trial ordered (*see* CPL 270.20 [2]; *People v MacFarlane*, 87 AD3d 700 [2011]). Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.