■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMEL O. BURTON, Appellant. [57 NYS3d 214]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered December 19, 2013, convicting him of murder in the second degree (two counts), attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On December 2, 2011, the defendant shot and killed the adult son of his girlfriend in her Queens apartment, and then, after exiting the apartment building, boarded a public bus and shot two passengers. One of the passengers died, and the other passenger survived but suffered permanent brain damage. For

these crimes, the defendant was convicted of murder in the second degree (two counts), attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree. The defendant admitted to committing the shootings, but advanced the defense that he was not responsible by reason of mental disease or defect (*see* Penal Law § 40.15), claiming that he suffered from a delusional disorder at the time of the shootings. As rebuttal to the aforementioned defense, over the defendant's objection, the People introduced at trial, pursuant to *People v Molineux* (168 NY 264 [1901]), evidence that only nine days before the Queens shootings, the defendant had shot a person in Brooklyn. A video recording of the Brooklyn shooting, taken from a nearby surveillance camera, was played to the jury.

The Supreme Court's *Molineux* ruling (*see People v Molineux*, 168 NY 264 [1901]), constituted a proper exercise of discretion. The evidence of the defendant's conduct immediately prior to, during, and shortly after the Brooklyn shooting, including waiting for potential witnesses to leave the scene, fleeing from the scene, discarding a distinctive jacket seen on the surveillance video of the shooting, and altering his appearance, was probative of the defendant's sanity once it became an issue at trial (*see People v Santarelli*, 49 NY2d 241 [1980]), and the risk of prejudice did not outweigh the probative value (*see People v Cass*, 18 NY3d 553, 560 [2012]; *People v Allweiss*, 48 NY2d 40, 46-47 [1979]).

The defendant's contention that the Supreme Court improperly imposed the sentence for criminal possession of a weapon in the second degree to run consecutively to the other sentences is without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.