People v Laufer (2020 NY Slip Op 05929)





People v Laufer


2020 NY Slip Op 05929


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-00706
 (Ind. No. 1938/13)

[*1]The People of the State of New York, respondent,
v
Bernhard Laufer, appellant.


Alexander E. Eisemann, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Josette Simmons McGhee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered December 14, 2016, convicting him of attempted murder in the second degree as a hate crime, attempted assault in the first degree as a hate crime, assault in the second degree as a hate crime, criminal possession of a weapon in the fourth degree, and criminal mischief in the fourth degree as a hate crime, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In November 2012, the defendant damaged the front door of a mosque, left threatening messages on the mosque's telephone answering machine, and attacked a man (hereinafter the victim) with a pocket knife outside the entrance to the mosque. The defendant was charged, inter alia, with attempted murder in the second degree as a hate crime, attempted assault in the first degree as a hate crime, assault in the second degree as a hate crime, and criminal possession of a weapon in the fourth degree. At the trial, the People elicited testimony from the victim that he was dressed in traditional prayer garb and was attempting to unlock the door to the mosque when the defendant attacked him, shouting "I kill Muslim." The defendant stabbed the victim multiple times. The defendant presented the affirmative defense that he was not responsible by reason of mental disease or defect (see Penal Law §§ 25.00[2]; 40.15). The jury returned a verdict finding the defendant guilty of the charged crimes.
On appeal, the defendant contends that the Supreme Court should have granted his motion to dismiss the indictment pursuant to CPL 30.30, on the ground that he was deprived of his statutory right to a speedy trial, primarily based upon delays in the prosecution of this action after the People announced their readiness for trial. The defendant has the burden of demonstrating that any postreadiness delays should be charged to the People (see People v Cortes, 80 NY2d 201, 215; People v Huger, 167 AD3d 1042, 1042). Once the People have declared their readiness for trial, they are under no obligation to continually repeat that declaration upon each subsequent appearance in court (see People v Cortes, 80 NY2d at 214). While the prosecution must restate its readiness if there is a substantial break in the proceedings (see id.), no such break occurred here. The delay attributable to a finding that the defendant was incompetent to proceed, which ended when the defendant, following treatment, was found fit to proceed, did not require a new statement of readiness (see People v Phillips, 16 NY3d 510, 516; People v Lebron, 88 NY2d 891, 894; People [*2]v Cortes, 80 NY2d at 214; People v Reed, 19 AD3d 312; see also CPL 730.60[2]; 730.30[2]).
The defendant's contention that the evidence was legally insufficient to establish his intent to murder the victim because his words were ambiguous and because the victim's injuries were superficial, is only partially preserved for appellate review (see CPL 470.05; People v Costello, 128 AD3d 848). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), it was legally sufficient to establish the defendant's homicidal intent (see Penal Law § 125.25[1]; People v Kohl, 72 NY2d 191; People v Moradel, 278 AD2d 250). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; Penal Law §§ 25.00[2]; 40.15; People v Capela, 97 AD3d 760; People v Trojan, 73 AD3d 818; People v Rahman, 202 AD2d 696; cf. People v Spratley, 159 AD3d 725; People v Hernandez-Beltre, 157 AD3d 814).
The defendant's contention that the Supreme Court improperly struck the only Jewish prospective juror from the panel is unpreserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit (see CPL 270.15[1][b]; People v Smith, 268 AD2d 447; People v Zamora, 243 AD2d 746). Also, the court did not improvidently exercise its discretion in limiting the scope of defense counsel's questioning of prospective jurors during voir dire (see People v McCalla, 90 AD3d 949, 949; People v Davis, 166 AD2d 453, 453).
The defendant contends that after a hearing that was held outside the presence of the jury, the Supreme Court should have denied the People's application to preclude the testimony of his treating psychiatrist, who testified at the hearing. This contention is without merit. The defendant failed to make a sufficient offer of proof that the proposed testimony was relevant, offered in good faith, and not cumulative of other testimony (see People v Greene, 110 AD3d 827, 829).
The Supreme Court providently exercised its discretion in limiting the defendant's cross-examination of the victim (see People v Elmore, 175 AD3d 1423; People v Francisco, 44 AD3d 870, 870). Also, the defendant failed to lay a proper foundation for introducing certain proposed police testimony on his direct case to demonstrate the victim's alleged prior inconsistent statement (see People v Duncan, 46 NY2d 74; People v Green, 82 AD2d 838).
The defendant's contention that he was denied a fair trial because the Supreme Court did not grant him sufficient time to review material turned over by the People prior to cross-examination of the People's expert is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The defendant challenges the Supreme Court's Molineux ruling (see People v Molineux, 168 NY 264), which allowed the People to introduce evidence of his plea of guilty to a similar crime in federal court, and his admission during the plea allocution that he knew that the criminal act was wrong, are without merit. Evidence of the defendant's criminal history is admissible to rebut a defense of a mental disease or defect (see People v Santarelli, 49 NY2d 241, 247-248; People v Burton, 151 AD3d 1073; People v Ryklin, 150 AD2d 509; see also People v Ingram, 71 NY2d 474), and the court gave the appropriate limiting instructions (see People v Santarelli, 49 NY2d at 254; People v Bailey, 21 AD3d 383, 384; People v Ryklin, 150 AD2d at 511). Contrary to the defendant's contention, the record discloses that he presented evidence to the jury suggesting his strategic reasons for pleading guilty to those charges.
The defendant's contention that the Supreme Court's charge on the insanity defense was erroneous is unpreserved for appellate review (see CPL 470.05). In any event, the charge was not erroneous as given (see CJI2d [NY] Defenses—Insanity), and the court was not obligated to give any special instruction (see People v Johnson, 175 AD3d 1130; People v Johnson, 74 AD3d 427, revd on other grounds 17 NY3d 752).
The defendant failed to preserve for appellate review his contention that an adverse inference charge arising from his expert's alleged failure to turn over certain emails was unwarranted because the material did not fall within the People's discovery demand (see CPL 470.05[2]), and we [*3]decline to exercise our interest of justice jurisdiction to reach the issue. Further, the defendant failed to preserve for appellate review his specific contention that the Supreme Court's decision to charge Penal Law § 485.05(1)(b), rather than Penal Law § 485.05(1)(a), made it easier for the jury to convict him of attempted murder in the second degree as a hate crime. In any event, the contention is without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 86).
The defendant's remaining contentions are without merit.
Accordingly, we affirm the judgment of conviction.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court