People v Kiarie (2021 NY Slip Op 05588)





People v Kiarie


2021 NY Slip Op 05588


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2016-00430
 (Ind. No. 14-00779)

[*1]The People of the State of New York, respondent,
v
Kamau Kiarie, appellant.


Del Atwell, East Hampton, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Robert A. Neary, J.), rendered December 2, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of murder in the second degree (see People v Rahman, 202 AD2d 696). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, he failed to meet his burden of proving the affirmative defense of mental disease or defect by a preponderance of the evidence (see Penal Law §§ 25.00[2]; 40.15; People v Trojan, 73 AD3d 818, 819; cf. People v Hernandez-Beltre, 157 AD3d 814, 816).
The defendant's contention that he was deprived of a fair trial by alleged prosecutorial misconduct during the prosecutor's summation is unpreserved for appellate review (see CPL 470.05[2]). The defendant either failed to object to the remarks at issue, failed to request curative instructions or additional relief when the Supreme Court instructed the prosecutor not to make certain remarks, or failed to timely move for a mistrial (see People v Gonzalez, 183 AD3d 663). In any event, the defendant's contention is without merit, as the remarks at issue were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defense summation, or not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Molina, 188 AD3d 920, 922; People v Lindsey, 172 AD3d 1233, 1234).
The defendant's contention that the Supreme Court's charge on his affirmative [*2]defense of mental disease or defect was erroneous is unpreserved for appellate review (see CPL 470.05[2]; People v Laufer, 187 AD3d 1052, 1054). In any event, the charge was not erroneous as given (see People v Kohl, 72 NY2d 191, 199; People v Laufer, 187 AD3d at 1054; People v Gaston, 221 AD2d 464).
The defendant's claim that he was deprived of the effective assistance of counsel cannot be resolved without reference to matter outside the record. Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's ineffective assistance of counsel claim, and we decline to review the claim on this direct appeal (see People v Lopez-Mendoza, 33 NY3d 565, 573; People v Lopez-Alvarado, 194 AD3d 961, 962).
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court