People v Avery (2022 NY Slip Op 04179)

People v Avery

2022 NY Slip Op 04179

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2016-09133
 (Ind. No. 9431/12)

[*1]The People of the State of New York, respondent,
v
Ralston Avery, appellant.

Hug Law, PLLC, Albany, NY (Matthew C. Hug of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered June 27, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the circumstantial evidence established a prima facie case as to his identity as a perpetrator of the crimes (see People v Alman, 181 AD3d 694; People v Drummond, 143 AD3d 836). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court should have granted that branch of his omnibus motion which was to suppress physical evidence is without merit. Contrary to the defendant's contention, the record supports the court's determination that the police officers had a reasonable suspicion of criminal activity to justify their pursuit of him (see People v Martinez, 80 NY2d 444, 448; People v Cantor, 36 NY2d 106, 112-113; cf. People v Sierra, 83 NY2d 928).
The defendant failed to preserve for appellate review his contentions that the prosecutor's opening and summation remarks, as well as the prosecutor's elicitation of allegedly inflammatory evidence from a witness, constituted reversible error. The defendant failed to object to the remarks or made only general objections, failed to request curative instructions, and did not [*2]timely move for a mistrial on the grounds now claimed (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Balls, 69 NY2d 641, 642; People v Kiarie, 198 AD3d 814, 815; People v Barrett, 159 AD3d 1018, 1018-1019). In any event, contrary to the defendant's contentions, the prosecutor's remarks and line of questioning, even taken cumulatively, were "not so flagrant or pervasive as to have deprived the defendant of a fair trial" (People v Kiarie, 198 AD3d at 815; see People v Molina, 188 AD3d 920, 922; People v Lindsey, 172 AD3d 1233, 1234).
The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Addison, 107 AD3d 730, 732; People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contention is without merit.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court